CINCINNATI FINANCE CO v
FIRST DISCOUNT CORP

Ohio Common Pleas, Hamilton Co

Decided Nov 5, 1937

Andrew O. Haefner, Cincinnati, for plaintiff.

Donald E. Calhoun, Cincinnati, for defendant.

## OPINION

**By SCHNEIDER, J.**

Both actions are in replevin and were tried together. The same issues of fact and law are involved in both cases.

Plaintiff seeks to recover possession of two automobiles by virtue of a chattel mortgage. Bond having been given by the plaintiff, both automobiles were sold, the Chrysler for the sum of $875.00, and the Plymouth for the sum of $650.00.

Defendant company answers that they held possession of both automobiles under a chattel mortgage executed and filed after the alleged chattel mortgage of plaintiff, and by reason of delivery to them by the mortgagors who had purchased the automobile in the manner hereafter detailed.

Both automobiles were originally in the possession of the Oakley Auto Sales Company, Incorporated, a dealer in new cars. This company executed a chattel mortgage on both automobiles to the plaintiff, The Cincinnati Finance Company, both of which were duly recorded and are in evidence and purport to be so-called "Floor Plan Mortgages," under the terms of which the mortgagor dealer is permitted to retain the mortgaged chattel automobile on the sales floor for the purpose of sale under an agreement to repay the mortgagee when sale is consummated.

Plaintiff's petition is based upon its rights under said mortgages and the recording thereof. Numerous defenses have been set forth by defendant, only one of which is necessary to be considered under the view which the court takes of this case.

If the mortgages upon which plaintiff company bases its cause of action were not properly executed the cause fails. The purported mortgages of the plaintiff company were executed by Helen Trotter as Notary Public. Helen Trotter is the bookkeeper for the plaintiff company. She testified that the oath which she purported to administer to G. C. Rankin, who signed the affidavit appearing on each mortgage respectively, was actually never administered and that she never required him to take such an oath and that he was not sworn in the manner provided by law, and that none of the formalities required in the execution of a chattel mortgage was complied with as required by the law.

This court is in full accord with the opinion of Snediker, J., in the case of **Central Acceptance Company v T. W. Mundy**, 29 N.P. (N.S.) 527, who held that an alleged chattel mortgage filed under such circumstances is ineffective to create a lien such as §8564 GC authorizes.

The court finds in favor of the defendant in both cases and entries may be submitted accordingly.